**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-40829
Summary Calendar
_____

SHANNON DUBRUL,

Plaintiff-Appellant,

versus

RAINS COUNTY, TEXAS; ET AL,

Defendants

DAVID TRAYLOR, Individually and in official capacity; RICHARD
WILSON, Individually and in official capacity,

Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Texas
(6:98-CV-28)

March 12, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Officer David Traylor and Sheriff Richard Wilson appeal the district court's order denying their motion for summary judgment. In their motion, they assert the defense of qualified immunity against Shannon Dubrul's false arrest claim.

We review *de novo* the denial of a motion for summary judgment predicated on qualified immunity. *See Jones v. Collins,* 132 F.3d 1048, 1052 (5th Cir. 1998). We initially must determine if there was a violation of a constitutional right under current law. *See id.* If we find a violation of a constitutional right under current law, then we must decide whether the constitutional right was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clearly established at the time of the alleged misconduct, and, if so, whether the defendant's conduct was objectively reasonable in light of it. *See id.*

We have held that in the false arrest context a magistrate's issuance of a facially valid arrest warrant "breaks the chain of causation unless it can be shown that the deliberations of the [magistrate] . . . were in some way tainted by the actions of the defendant." *Hand v. Gary,* 838 F.2d 1420, 1428 (5th Cir. 1988). Breaking the causal chain shields the defendant from liability. *See id.* at 1427. The defendant taints the magistrate's deliberations only when he has engaged in misconduct that exceeds mere negligence. *See Sanders v. English,* 950 F.2d 1152, 1159-60 (5th Cir. 1992).

Traylor and Wilson have established that Traylor arrested Dubrul pursuant to a facially valid arrest warrant. They therefore are entitled to summary judgment unless Dubrul has produced evidence sufficient to find that Traylor tainted the magistrate's deliberations. *See Taylor v. Gregg,* 36 F.3d 453, 457 (5th Cir. 1994). Dubrul has failed to carry her summary judgment burden.

Accordingly, we REVERSE the district court's denial of the motion for summary judgment, GRANT summary judgment to Traylor and Wilson, and REMAND to district court for further proceedings.